IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MONTELL BOWMAN,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN GOVERNMENT,<br><br>Defendant. | CIV. NO. 24-00330 JMS-KJM<br><br>ORDER DISMISSING ACTION FOR CLAIM SPLITTING AND FAILURE TO STATE A CLAIM |

**ORDER DISMISSING ACTION FOR CLAIM SPLITTING AND FAILURE TO STATE A CLAIM**

On August 5, 2024, pro se Plaintiff Montell Bowman ("Plaintiff") filed a Complaint against the "American government" ("Defendant") regarding "the use of psychic technology in legal matters." ECF No. 1. For the reasons that follow, the court DISMISSES the Complaint for impermissible claim splitting.[1]

## I. BACKGROUND

Plaintiff alleges that "a federal judge and U.S. hawaii [sic] state attorney" signed a "900 trillion dollar contract" to send "'C.I.A. officer Bowman'" to the CIA. ECF No. 1 at PageID.4. That contract, "coupled with the use of psychic technology" is supposedly used "to prove a legal lawsuit and locate

[1] Because the court dismisses Plaintiff's Complaint due to claim splitting, it denies Plaintiff's contemporaneously filed "In Forma Pauperis Declaration," ECF No. 2, as moot.

individuals." *Id*. The Complaint also alleges: "flesh insides and outer skin layers recording millions of feelings from other human lives"; "millions of other lives crime effected cia. [sic] officer bowman recorde [sic] in flesh – about privacy"; and "to have a [sic] even scale awarded regulating constant daily income from recording about * laws * constitution * rights * freedoms [.]" *Id*. at PageID.5. Plaintiff seeks "900 trillion dollars" in relief and asks for a "male judge" and "peurto [sic] rican or black judge." *Id*. at PageID.6. Plaintiff attached to the Complaint four photographs and a smartphone screenshot that purports to list his education. *See id*. at PageID.8–12.

Previously, on July 19, 2024, the same pro se Plaintiff, "cia agent montell Bowman," filed a complaint against "clare e.connors 'USA'" as Defendants also in the District of Hawaii, Civ. No. 24-00303 DKW-RT, ECF No. 1 ("earlier *Bowman* matter").[2] The Complaint in the earlier *Bowman* matter contains near-identical allegations: relating to a "900 trillion dollar contract allegedly signed by federal judge and U.S. hawaii [sic] state attorney to send an individual cia agent MAB [(Montell Alexander Bowman)] to the CIA"; "with the use of psychic technology to prove a legal lawsuit"; to "explore the implications of such a contract and the use of psychic technology in legal matters"; "flesh insides and outer layer skin recording millions of feelings from other human lives";

[2] Clare E. Connors is the United States Attorney for the District of Hawaii.

"millions of other lives crime effected [sic] me recorded in my flesh"; and "even scale awarded regulated constant daily income of me technology recorded." *Id*. at PageID.4, 5. In the earlier *Bowman* matter, Plaintiff asks for "900 trillion dollars" in relief and for a "male judge" and "black or peurto [sic] rican judge." *Id*. at PageID.6. As of today, the earlier *Bowman* matter remains pending in the District of Hawaii. Plaintiff attaches the same four photographs and smartphone screenshot as attached to the Complaint in this matter. *Compare* ECF No. 1 at PageID.8–12, *with* Civ. No. 24-00303 DKW-RT, ECF No. 1 at PageID.8–12.

## II. STANDARD OF REVIEW

"District courts have discretion to control their dockets by dismissing duplicative cases." *Clayton v. Dist. of Columbia*, 36 F. Supp. 3d 91, 94 (D.D.C. 2014) (quoting *Katz v. Gerardi*, 655 F.3d 1212, 1217 (10th Cir. 2011)). Generally, plaintiffs have "no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant." *Adams v. Cal. Dep't of Health Servs*., 487 F.3d 684, 688 (9th Cir. 2007), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880, 904 (2008). The purpose of this general restriction against claim-splitting "is twofold: to ensure fairness to litigants and to conserve judicial resources." *Greene v. H & R Block E. Enters*., *Inc*., 727 F. Supp. 2d 1363, 1367 (S.D. Fla. 2010); *see also Katz*, 655 F.3d at 1217 ("The rule against claim-splitting requires a plaintiff to assert all of its causes of

action arising from a common set of facts in one lawsuit. By spreading claims around in multiple lawsuits[,] . . . parties waste 'scarce judicial resources' and undermine 'the efficient and comprehensive disposition of cases.'") (quoting *Hartsel Springs Ranch of Colo., Inc. v. Bluegreen Corp*., 296 F.3d 982, 985 (10th Cir. 2002)). "Sua sponte dismissal of an action duplicative of a parallel action already pending in another federal court is allowable as an exercise of wise judicial administration." *Clayton*, 36 F. Supp. 3d at 94–95 n.1 (citation and internal quotation marks omitted).

Although the test for determining whether a suit is duplicative is borrowed from the test for claim preclusion, *Adams*, 487 F.3d at 688, final judgment on the merits in the first action is obviously not required when making a claim-splitting determination. *See Hartsel*, 296 F.3d at 987 n.1 ("[I]n the claim-splitting context, the appropriate inquiry is whether, assuming that the first suit were already final, the second suit could be precluded pursuant to claim preclusion."); *see also* 18 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 4406 (3d ed. 2016) (stating that the principles of claim-splitting "are similar to claim preclusion, but . . . do not require a prior judgment").

To determine whether a suit is duplicative, courts in the Ninth Circuit "examine whether the causes of action and relief sought, as well as the parties or privies to the action, are the same." *Adams*, 487 F.3d at 689. For the first prong,

"there must be the same rights asserted and the same relief prayed for; the relief must be founded upon the same facts, and the . . . essential basis[] of the relief sought must be the same." *Id*. (quoting *United States v. The Haytian Republic*, 154 U.S. 118, 124 (1894)). And for the second prong, "[t]here must be the same parties, or, at least, such as represent the same interests." *Id*. (quoting *The Haytian Republic*, 154 U.S. at 124).

Plaintiff is appearing pro se; consequently, the court liberally construes his Complaint and resolves all doubts in his favor. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (explaining that "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers") (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987).

## III. DISCUSSION

This case and the earlier *Bowman* matter are duplicative and nearly identical. As for the first prong, in which the "essential basis[] of the relief sought" must be the same, *Adams*, 487 F.3d at 689 (quoting *The Haytian Republic*, 154 U.S. at 124), Plaintiff alleges in both cases that he is a CIA agent required to "report to a 900 trillion dollar contract" "allegedly signed by federal judge and U.S. hawaii [sic] state attorney" to "explore the implications of such a contract and the use of psychic technology in legal matters." *Compare* ECF No. 1 at PageID.4,

*with* Civ. No. 24-00303 DKW-RT, ECF No. 1 at PageID.4. In both cases Plaintiff also claims "flesh insides and outer skin layers [outer layer skin] recording millions of feelings from other human lives," "millions of other lives crime effected me [cia officer bowman] recorded in flesh," and "even scale awarded regulated [regulating] constant daily income." *Compare* ECF No. 1 at PageID.5, *with* Civ. No. 24-00303 DKW-RT, ECF No. 1 at PageID.5. If these can be construed as "rights asserted," the "essential basis[] of the relief sought"—$900 trillion and a "male judge" or a "black or peurto [sic] rican judge"—is also identical.[3] *See* ECF No. 1 at PageID.6; Civ. No. 24-00303 DKW-RT, ECF No. 1 at PageID.6.

As for the second prong, the parties are the same, are in privity, or have the same interests. In the earlier *Bowman* matter, Plaintiff names as Defendant "clare e.connors 'USA,'" Civ. No. 24-00303 DKW-RT, ECF No. 1 at PageID.1, and in this matter, he names as Defendant the "American government" and later in the Complaint refers to United States Attorney for the District of Hawaii, Clare E. Connors. *See* ECF No. 1 at PageID.1, 6. Undoubtedly, these Defendants, if not nearly the same, represent the same interests—the United States

---

[3] Plaintiff seeks other relief but the phrasing is difficult to parse. *See, e.g.*, ECF No. 1 at PageID.6 (stating, under the heading, "Relief," that Plaintiff is "asking that the chief law enforcement officer is hawaii attorney clare e. connors be their for cia. officers award, after award from being sent to cia. science and technology reported true that everybody at the Honolulu federal courthouse is I give to yall awarded 1 trilliondollars each. 'everybody who works their.'").

government. *See Oliver v. Penny*, 2022 WL 2165814, at *2 (2d Cir. June 16, 2022) (finding privity between defendants in duplicative suits because "those defendants represent the same interests").

Further, even if the earlier *Bowman* matter and this case are not Duplicative for purposes of claim splitting, Plaintiff's claims are frivolous and fail to state a claim. Plaintiff's factual allegations lack any arguable basis in fact and are simply not factually plausible. The court cannot discern any harm caused by the "American government" or any harm suffered by Plaintiff. *See, e.g.*, *Vidmar v. Honolulu Police Dep't*, 2016 WL 4523586, at *6 (D. Haw. Aug. 29, 2016) (dismissing as frivolous complaint alleging that city and state agencies and officials conspired to harm plaintiff by failing to stop the spraying of deadly poison in her residence); *Mendes v. United States*, 88 Fed. Cl. 759, 762 (Fed. Cl.), *appeal dismissed*, 375 F. App'x 4 (Fed. Cir. 2009) (upholding dismissal of frivolous complaint alleging that "zealot, fanatical women" employed by the FBI and CIA used "laser beam technology" against plaintiff).

## IV. CONCLUSION

For the foregoing reasons, the court DISMISSES the Complaint, ECF No. 1, without leave to amend. *See, e.g.*, *Lathus v. City of Huntington Beach*, 56 F.4th 1238, 1243 (9th Cir. 2023) ("Although leave to amend should be given freely . . . denying leave is not an abuse of discretion if 'it is clear that granting leave to

amend would have been futile.'") (quoting *Thinket Ink Info. Res., Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053, 1061 (9th Cir. 2004)).[4] The clerk of court shall close this case file.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, August 15, 2024.




/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Bowman v. American government*, Civ. No. 24-00330 JMS-KJM, Order Dismissing Action for Claim Splitting and Failure to State a Claim

[4] Plaintiff previously filed a lawsuit against Connors and the State of Hawaii Attorney General, Anne E. Lopez. *See Bowman v. Connors*, Civ. No. 23-00283 SOM-KJM. Judge Susan Oki Mollway dismissed that complaint, but provided Plaintiff an opportunity to file a motion seeking leave to file an amended complaint. *Id*. at ECF No. 16. After Plaintiff filed the motion seeking leave, Judge Mollway dismissed the case, finding that "the court continues to be unable to discern what specific actions by any person or entity have caused Plaintiff actionable harm." *Id*. at ECF No. 18. The history of this prior case is further proof that providing leave to amend would be futile.